**Cuahutemoc Pacheco LOZA; Maria Isabel Pacheco Alfaro, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73608.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

Susan E. Hill, Esq., Hill Piibe & Villegas, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE and HAWKINS, Circuit Judges.

MEMORANDUM **

Cuahutemoc Pacheco Loza and Maria Isabel Pacheco Alfaro, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order summarily affirming the Immigration Judge's ("IJ") decision denying their application for cancellation of removal. To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that the Petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The Petitioners' contention that the hardship standard set forth in 8 U.S.C. § 1229b(b)(1)(D) is unconstitutionally vague, and that the IJ violated their due process rights by disregarding their evidence of their children's educational hardship if returned to Mexico, does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Contrary to the Petitioners' contention, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1006 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**